IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIGIDO QUEZADA,
A-078-607-230, and
DELFINO ENRIQUEZ,
A-078-284-794,

                Plaintiffs,

vs.                                                        Civ. No.  09-649 JH/WDS

U.S. DEPARTMENT OF HOMELAND
SECURITY; JANET NAPOLITANO, Secretary
of the U.S. Department of Homeland
Security, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) Or, Alternatively, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, and Supporting Memorandum of Law* [Doc. No. 19].  Because the Court finds that it lacks jurisdiction over Plaintiffs' claims, it will grant Defendants' motion to dismiss.

## FACTUAL BACKGROUND

Plaintiff Brigido Quezada is an alien as defined by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(3).  He resides in Farmington, New Mexico and is married to a United States citizen.  Quezada illegally entered the United States without inspection in 1987, and in May of 2001 he left the country voluntarily for five days.  He then illegally reentered the United States without inspection.  On January 3, 2008, Quezada filed an application with the United States

Citizenship and Immigration Services ("USCIS") under 8 U.S.C. § 1255(i), INA § 245(I), to adjust his status to that of a Lawful Permanent Resident. On June 5, 2009, the USCIS denied Quezada's application to adjust status because he was removable from the United States under 8 U.S.C. §1182(a)(9)(C)(i)(I) for his two illegal entries. The USCIS Field Officer Director, Elizabeth Lee, explained her decision as follows:

> As of April 1, 1997, you began to accrue *unlawful presence* because you were illegally present in the United States without being admitted or paroled. Your departure in May 2001 triggered a 10-year bar to admission because you had accrued over one year of unlawful presence. Your subsequent reentry without being admitted or paroled renders you inadmissible pursuant to INA § 212(a)(9)(C)(i)(I). There is no waiver available for this inadmissibility.

(emphasis in original). Ms. Lee's decision also cited a May 6, 2009 USCIS Memo, which stated:

> The USCIS position is that inadmissibility under section 212(a)(9)(B) or (C) of the Act makes an alien ineligible for adjustment of status under section 245 of the Act, regardless of whether the alien applies under section 245(a) or section 245(I) of the Act. The BIA [Board of Immigration Appeals] has endorsed this view. In *Matter of Briones*, 24 I&N Dec. 355 (BIA 2007), the Board held that an alien who is inadmissible under section 212(a)(9)(C)(i)(I) of the Act is not eligible for adjustment under section 245(I) of the Act.

The May 6, 2009 USCIS Memo further directs its adjudicators to "follow *Matter of Briones* . . . in all cases, regardless of the decisions of the . . . 10th Circuit in *Padilla-Caldera v. Gonzales*, 453 F.3d 1237 (10th Cir. 2005)." Because his application was denied and no longer pending, the USCIS also found that Quezada was no longer eligible for employment authorization.

Plaintiff Delfino Enriquez is also an alien as defined by 8 U.S.C. § 1101(a)(3), INA § 101(a)(3), and he resides in Bloomfield, New Mexico. He is married to a United States Lawful Permanent Resident. Enriquez entered the United States illegally and without inspection in 1994. In April of 2000, he was apprehended by law enforcement and escorted to the border, where he left the country voluntarily for a period of approximately four months. Then, in August of 2000, he

again entered the United States illegally and without inspection. In January of 2003, Enriquez again left the United States voluntarily, and he returned the following month, again by entering the country illegally. On November 3, 2008, Enriquez filed an application with the USCIS to adjust his status to that of a Lawful Permanent Resident. On June 5, 2009, Ms. Lee of the USCIS denied Plaintiff Enriquez' application and found that he was no longer eligible for employment authorization. The USCIS employed substantially the same reasoning as it did in its decision regarding Quezada, and again it relied on and cited to the May 6, 2009 USCIS Memo.

In their Complaint, the Plaintiffs ask for review of the USCIS decisions under the Administrative Procedures Act ("APA"), for writ of mandamus, and for a declaration that they are eligible for adjustment of status to that of permanent resident. In essence, Plaintiffs contend that the USCIS improperly denied their petitions for adjustment of status by instructing its field officers to disregard established Tenth Circuit precedent in *Padilla-Caldera v. Gonzales*, 453 F.3d 1237 (10th Cir. 2005) and to instead apply the contrary standard announced by the Board of Immigration Appeals ("BIA") in *In re Briones*. Plaintiffs rely on the Tenth Circuit's reading of the LIFE Act, codified at 8 U.S.C. § 1255, which provides pathways to legal status for certain individuals with family ties in the United States who would otherwise be ineligible to adjust their status. Specifically, the Act allows certain individuals who entered without inspection and who would therefore otherwise be ineligible for adjustment of status, to nonetheless seek adjustment upon payment of a penalty. 8 U.S.C. § 1255. However, this language is in conflict with a separate provision of the Immigration and Nationality Act ("INA"), which deems inadmissible for ten years an individual who enters the United States without permission after being "unlawfully present in the United States for an aggregate period of more than 1 year." 8 U.S.C. § 1182(a)(9)(C)(i)(I).

In *Padilla-Caldera v. Gonzales*, 453 F.3d 1237, 1244 (10th Cir. 2005), the Tenth Circuit

analyzed the apparent conflict between these two provisions and concluded:

> We see no basis upon which we may conclude that Congress intended § 1182(a)(9)(C)(i)(I) to . . . remain untouched by the LIFE Act[]. . . . Aided by traditional canons of statutory construction, we resolve the statutory conflict in this case by concluding that the circumstances surrounding the passage of the LIFE Act clearly indicate that it applies to status-violators who have been in the United States for an aggregate period of over one year.

However, two years after the Tenth Circuit's decision in *Padilla-Caldera*, the BIA expressly rejected the Tenth Circuit's position and held that absent a waiver of admissibility, individuals who are inadmissible under § 1182(a)(9)(C)(i)(I) cannot qualify for adjustment of status under § 1255. *In re Briones*, 24 I. & N. Dec. 355, 371 (BIA 2007).

## **DISCUSSION**

The Defendants have moved to dismiss the Complaint for failure to state a claim, and in the alternative they have moved for summary judgment in their favor. However, they also raise the issue of whether this Court has subject matter jurisdiction to hear Plaintiffs' claim. This is the threshold issue before the Court.

Generally speaking, before a plaintiff may bring his claims to federal district court, he must exhaust all remedies available to him at the administrative level. *See Darby v. Cisneros*, 509 U.S. 137, 146 (1993) ("When an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule, the agency action is final . . . and therefore subject to judicial review.") (quotations omitted). The exhaustion of administrative remedies "is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

In this case, both Quezada and Enriquez received denial letters from USCIS in which the agency wrote: "There is no appeal from the decision of the Field Office Director." Compl., Docs 1-3 and 1-4. However, this does not amount to a binding determination that Plaintiffs had exhausted the administrative remedies available to them. Indeed, the Code of Federal Regulations provides: "No appeal lies from the denial of an application [for adjustment of status] by the director, but the applicant . . . retains the right to renew his or her application in proceedings under 8 CFR part 240." 8 C.F.R. § 245.2(a)(5)(iii). The provisions of Part 240 pertain to removal proceedings before an Immigration Judge. Because Quezada and Enriquez may formally renew their requests for adjustment of status upon the commencement of removal proceedings, they have failed to exhaust administrative remedies, and judicial review is not yet available under the APA. Accordingly, this Court has no subject matter jurisdiction over Plaintiffs' APA claim.

Moreover, the pertinent provisions of the INA preclude this Court's review of Plaintiffs' claims. 8 U.S.C. § 1252(a)(2)(B) provides: "Notwithstanding any other provision of law (statutory or nonstatutory), . . . [including 28 U.S.C. § 1361], and except as provided in subparagraph (D), . . . no court shall have jurisdiction to review – (i) any judgment regarding the [discretionary] granting of relief under section . . . 1255 of this title. . . ." Section 1255 governs adjustment of status. Subparagraph (D) of § 1252(a)(2) provides an exception to the general rule that courts lack jurisdiction to review decisions concerning adjustment of status: "Nothing in subparagraph (B) or (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate *court of appeals* in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Thus, the appropriate venue for Plaintiffs' appeal of an adverse decision regarding adjustment of their status is with the Court of Appeals, not the U.S. District Court.

Plaintiffs argue that USCIS's denials of their applications fell outside the scope of the agency's discretion because the denials were based on an arbitrary and capricious policy of disregarding the Tenth Circuit's decision in *Padilla-Caldera* in favor of the BIA's subsequent decision in *In re Briones*. Accordingly, Quezada and Enriquez contend that the above-quoted provisions of the INA do not apply to them, as USCIS's denials of their respective applications were not discretionary decisions. *See* 8 U.S.C. § 1252(a)(2)(B) (titled "Denials of discretionary relief").

The Court disagrees with Plaintiffs. Although *Padilla-Caldera* and *In re Briones* do indeed directly conflict, USCIS did not act arbitrarily or capriciously in opting to follow BIA precedent over a decision the Tenth Circuit issued without the benefit of the BIA's expertise. Indeed, USCIS's policy is in line with the Supreme Court's decision in *National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967 (2005), where the Court reaffirmed the inherent expertise that agencies such as the BIA hold in the interpretation of statutes they are charged with implementing and enforcing. In *Brand X*, the Court held that a circuit court must defer to an agency's interpretation of a statute regardless of the circuit court's contrary precedent, provided the prior precedent was an interpretation of statutory ambiguity. 545 U.S. at 982-83.

While one might argue that the Tenth Circuit in *Padilla-Caldera* was not in fact interpreting a statutory ambiguity, but rather the statute's plain and unambiguous language, the opposite argument is tenable. Although the Tenth Circuit saw "no basis" to conclude that the LIFE Act did not apply to individuals who were inadmissible because their aggregate unlawful presence exceeded one year, *Padilla-Caldera*, 453 F.3d at 1244, the same court acknowledged four years later that the statute was in fact ambiguous as to this precise issue. *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1009 (10th Cir. 2009) ("*Padilla-Caldera* . . . did not have the benefit of guidance from the BIA in resolving the statutory ambiguity."). Indeed, the *Herrera-Castillo* court noted that

6

*Padilla-Caldera*'s value was limited in light of the BIA's subsequent decision in *In re Briones*, as well as the Supreme Court's decision in *Brand X*. 573 F.3d at 1009-1010.

This review of the principles of appropriate deference to agencies such as the BIA compels the Court to conclude that USCIS did not act arbitrarily or capriciously in implementing a policy according to the BIA's conclusion that the LIFE Act does not create a waiver of admissibility for individuals in violation of § 1182(a)(9)(C)(i)(I). As the USCIS policy is neither arbitrary nor capricious, rendering the agency's denials of Plaintiffs' applications discretionary, the provisions of 8 U.S.C. § 1252 regarding discretionary relief apply to this case. Although Plaintiffs allege that USCIS's policy violates the Tenth Circuit's decision in *Padilla-Caldera*, and hence raises a question of law, the INA provides clear instruction that their claims should be raised in the Court of Appeals rather than a district court. Accordingly, this Court lacks subject matter jurisdiction to address Plaintiffs' Complaint.

Finally, the Court addresses Plaintiffs' Petition for Writ of Mandamus. This Court has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This section "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated. . . . [T]o the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary." *Id.* at 479 (quotation omitted).

As discussed, Plaintiffs have not exhausted all other avenues of relief in that they have failed to exhaust administrative remedies. Specifically, Plaintiffs are entitled to a *de novo* review of their

adjustment of status applications in the course of removal proceedings. Moreover, the USCIS officers who denied their applications for adjustment of status owed Plaintiffs no nondiscretionary duty. *See* 8 U.S.C. § 1255(a) (providing that the Attorney General may, "in his discretion and under such regulations as he may prescribe," adjust an individual's status to that of a lawful resident if the individual "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence"). The Court declines to issue a writ of mandamus compelling USCIS to perform a discretionary duty.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) Or, Alternatively, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, and Supporting Memorandum of Law* [Doc. No. 19] is **GRANTED**, and Plaintiffs' Complaint is hereby **DISMISSED**.

_____
**UNITED STATES DISTRICT JUDGE**